U.S. BANKRUPTCY COURT
FILED
NEWARK, NJ

16 NOV 22 PM 2:53

JAMES J WALDRON
BY: [signature]
DEPUTY CLERK

---

**Fill in this information to identify the case:**

Debtor 1   Judith E. Ball

Debtor 2
(Spouse if filing)

United States Bankruptcy Court for the: District of New Jersey
Case number  16-27445
WWR # 21288726

---

Official Form 427

## Cover Sheet for Reaffirmation Agreement                                                  12/15

Anyone who is a party to a reaffirmation agreement may fill out and file this form. Fill it out completely, attach it to the reaffirmation agreement, and file the documents within the time set under Bankruptcy Rule 4008.

### Part 1: Explain the Repayment Terms of the Reaffirmation Agreement

**1. Who is the creditor?**
MMCA LEASE LTD
Name of the creditor

**2. How much is the debt?**
On the date that the bankruptcy case is filed  $$1,379.00

To be paid under the reaffirmation agreement  $$1,379.00

$197.00 per month for 7 Months (if fixed interest rate)

**3. What is the Annual Percentage Rate (APR) of interest? (See Bankruptcy Code § 524(k)(3)(E).)**
Before the bankruptcy case was filed    0.00%

Under the reaffirmation agreement       0.00%

☒ Fixed Rate
☐ Adjustable rate

**4. Does collateral secure the debt**
☐ No
☒ Yes.  Describe the collateral. 2014 MITSUBISHI OUTLANDER  Vin  4A4AP3AU6EE014457

Current market value  $13,300.00

**5. Does the creditor assert that the debt is nondischargeable?**
☒ No
☐ Yes. Attach an explanation of the nature of the debt and the basis for contending that the debt is nondischargeable

**6. Using Information from Schedule I: Your Income (Official Form 106I) and Schedule J: Your Expenses (Official Form 106J), fill in the amounts.**

| | Income and expenses reported on Schedules I and J | Income and expenses stated on the reaffirmation agreement |
|---|---|---|
| 6a. Combined monthly income from Line 12 of Schedule I | $2279.01 | 6e. Monthly income from all sources after payroll deductions  $2279.01 |
| 6b. Monthly expenses from line 22c of Schedule J | -$1614.00 | 6f. Monthly expenses  -$1417.00 |
| 6c. Monthly payments on all reaffirmed debts not listed on Schedule J | -$0.00 | 6g. Monthly payments on all reaffirmed debts not included in monthly expenses  -$0.00 |
| 6d. Scheduled net monthly income | $665.01 | 6h. Present net monthly income  $862.01 |
| Subtract lines 6b and 6c from 6a. | | Subtract lines 6f and 6g from 6e. |
| If the total is less than 0, put the number in brackets. | | If the total is less than 0, put the Number in brackets |

---

Debtor 1 Judith E. Bell                                                                 Case number (if known) 16-27445

| | | |
|---|---|---|
| 7. Are the income amounts on line 6a and 6e different? | ☒ No<br>☐ Yes  Explain why they are different and complete line 10. _____ | |
| 8. Are the expense amounts on lines 6b and 6f different? | ☐ No<br>☒ Yes  Explain why they are different and complete line 10.  Less Auto installment payment of $197.00 | |
| 9. Is the net monthly income in line 6h less than 0? | ☒ No<br>☐ Yes. A presumption of hardship arises (unless the creditor is a credit union). Explain how the debtor will make monthly payments on the reaffirmed debt and pay other living expenses. Complete line 10. | |
| 10. Debtor's certification about lines 7-9<br><br>If any answer on lines 7-9 is Yes the debtor must sign here.<br><br>If all the answers on lines 7-9 are No, go to line 11. | I certify that each explanation on lines 7-9 is true and correct.<br><br>X  /s/ Judith E Bell                                    _____<br>   Signature of Debtor 1                              Signature of Debtor 2 (Spouse. Only in a Joint Case) | |
| 11. Did an attorney represent the debtor in negotiating the reaffirmation agreement? | ☐ No<br>☒ Yes. Has the attorney executed a declaration or an affidavit to support the reaffirmation agreement?<br>☐ No<br>☒ Yes | |

### Part 2  Sign Here

| | |
|---|---|
| Whoever fills out this form must sign here. | I certify that the attached agreement is a true and correct copy of the reaffirmation agreement between the parties identified on this *Cover Sheet for Reaffirmation Agreement*<br><br>X /s/ _____                                    Date:  11/17/16<br>                                                                                   MM / DD / YYYY<br><br>Scott D. Fink , Agent for Creditor<br>Weltman, Weinberg & Reis Co., LPA<br>323 W. Lakeside Avenue, Ste 200<br>Cleveland, OH 44113<br><br>Check one<br>☐ Debtor or Debtor's Attorney<br>☒ Creditor or Creditor's Agent |

B2400A/B ALT (FORM 2400A/B ALT) (12/15)

WWR# 21288726

☐ Presumption of Undue Hardship
☒ No Presumption of Undue Hardship
(Check box as directed in Part D: Debtor's Statement in Support of Reaffirmation Agreement)

# UNITED STATES BANKRUPTCY COURT
## District of New Jersey at (Newark)

In re:
Judith E. Ball

Debtor(s)

Case No. 16-27445
Chapter 7
Judge: Rosemary Gambardella

## REAFFIRMATION AGREEMENT
*[Indicate all documents included in this filing by checking each applicable box.]*

☒ Part A: Disclosures, Instructions, and Notice to Debtor (pages 1 - 5)

☒ Part B: Reaffirmation Agreement

☒ Part C: Certification by Debtor's Attorney

☒ Part D: Debtor's Statement in Support of Reaffirmation Agreement

☐ Part E: Motion for Court Approval

*[Note: Complete Part E only if debtor was not represented by an attorney during the course of negotiating this agreement. Note also: If you complete Part E, you must prepare and file Form 240C ALT - Order on Reaffirmation Agreement.]*

Name of Creditor: MMCA LEASE LTD

☐ *[Check this box if]* Creditor is a Credit Union as defined in §19(b)(1)(a)(iv) of the Federal Reserve Act

PART A: DISCLOSURE STATEMENT, INSTRUCTIONS AND NOTICE TO DEBTOR

1.    DISCLOSURE STATEMENT

*Before Agreeing to Reaffirm a Debt, Review These Important Disclosures:*

SUMMARY OF REAFFIRMATION AGREEMENT
This Summary is made pursuant to the requirements of the Bankruptcy Code.

### AMOUNT REAFFIRMED

The amount of debt you have agreed to reaffirm: $$1,379.00
The amount of debt you have agreed to reaffirm includes all fees and costs (if any) that have accrued as of the date of this disclosure. Your credit agreement may obligate you to pay additional amounts which may come due after the date of this disclosure. Consult your credit agreement

**Form 2400A/B ALT - Reaffirmation Agreement (Cont.)**                                              2

ANNUAL PERCENTAGE RATE

*[The annual percentage rate can be disclosed in different ways, depending on the type of debt]*

    a. If the debt is an extension of "credit" under an "open end credit plan," as those terms are defined in § 103 of the Truth in Lending Act, such as a credit card, the creditor may disclose the annual percentage rate shown in (i) below or, to the extent this rate is not readily available or not applicable, the simple interest rate shown in (ii) below, or both.

       (i) The Annual Percentage Rate disclosed, or that would have been disclosed, to the debtor in the most recent periodic statement prior to entering into the reaffirmation agreement described in Part B below or, if no such periodic statement was given to the debtor during the prior six months, the annual percentage rate as it would have been so disclosed the time of the disclosure statement: 0.00%.

— And/Or —

      (ii) The simple interest rate applicable to the amount reaffirmed as of the date this disclosure statement is given to the debtor: 0.00%. If different simple interest rates apply to different balances included in the amount reaffirmed, the amount of each balance and the rate applicable to it are:

$ _____ @ _____ %
$ _____ @ _____ %
$ _____ @ _____ %

    b. If the debt is an extension of credit other than under than an open end credit plan, the creditor may disclose the annual percentage rate shown in (I) below, or, to the extent this rate is not readily available, the simple interest rate shown in (ii) below, or both.

      (i) The Annual Percentage Rate under §128(a)(4) of the Truth in Lending Act, as disclosed to the debtor in the most recent disclosure statement given to the debtor prior to entering into the reaffirmation agreement with respect to the debt or, if no such disclosure statement was given to the debtor, the annual percentage rate as it would have been so disclosed: 0.00%..

— And/Or —

      (ii) The simple interest rate applicable to the amount reaffirmed as of the date this disclosure statement is given to the debtor: 0.00%. If different simple interest rates apply to different balances included in the amount reaffirmed, the amount of each balance and the rate applicable to it are:

$ _____ @ _____ %
$ _____ @ _____ %
$ _____ @ _____ %

**Form 2400A/B ALT - Reaffirmation Agreement (Cont.)**

3

c.  If the underlying debt transaction was disclosed as a variable rate transaction on the most recent disclosure given under the Truth in Lending Act:

The interest rate on your loan may be a variable interest rate which changes from time to time, so that the annual percentage rate disclosed here might be higher or lower

d.  If the reaffirmed debt is secured by a security interest or lien, which has not been waived or determined to be void by a final order of the court, the following items or types of items of the debtor's goods or property remain subject to such security interest or lien in connection with the debt or debts being reaffirmed in the reaffirmation agreement described in Part B.

| Item or Type of Item | Original Purchase price or Original Amount of Loan |
|---|---|
| 2014 MITSUBISHI OUTLANDER  Vin 4A4AP3AU6EE014457 | $7,092.00 |

*Optional* —*the election of the creditor, a repayment schedule using one or a combination of the following may be provided*

**Repayment Schedule:**

Your first payment in the amount of $197.00 is due on October 1, 2016 but the future payment amount may be different. Consult your reaffirmation agreement or credit agreement, as applicable.

Your payment schedule will be 7 payments in the amount of $197.00 each payable monthly on the 1st of each month unless altered later by mutual agreement in writing subject to lease end provisions contained in the original lease agreement.

Arrearages in the amount of $0.00 due on or before execution of this reaffirmation agreement.

- Or -

A reasonably specific description of the debtor's repayment obligations to the extent known by the creditor or creditor's representative.

Form 2400A/B ALT - Reaffirmation Agreement (Cont.)                                                                                                   4

### 2. INSTRUCTIONS AND NOTICE TO DEBTOR

Reaffirming a debt is a serious financial decision. The law requires you to take certain steps to make sure the decision is in your best interest. If these steps are not completed, the reaffirmation agreement is not effective, even though you have signed it.

1. Read the disclosures in this Part A carefully. Consider the decision to reaffirm carefully. Then, if you want to reaffirm, sign the reaffirmation agreement in Part B (or you may use a separate agreement you and your creditor agree on).

2. Complete and sign Part D and be sure you can afford to make the payments you are agreeing to make and have received a copy of the disclosure statement and a completed and signed reaffirmation agreement.

3. If you were represented by an attorney during the negotiation of your reaffirmation agreement, the attorney must have signed the certification in Part C.

4. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, you must have completed and signed Part E.

5. The original of this disclosure must be filed with the court by you or your creditor. If a separate reaffirmation agreement (other than the one in Part B) has been signed, it must be attached.

6. If the creditor is not a Credit Union and you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court unless the reaffirmation is presumed to be an undue hardship as explained in Part D. If the creditor is a Credit Union and you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation becomes effective upon filing with the court.

7. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, it will not be effective unless the court approves it. The court will notify you and the creditor of the hearing on your reaffirmation agreement. You must attend this hearing in bankruptcy court where the judge will review your reaffirmation agreement. The bankruptcy court must approve your reaffirmation agreement as consistent with your best interests, except that no court approval is required if your reaffirmation agreement is for a consumer debt secured by a mortgage, deed of trust, security deed or other lien on your real property, like your home.

Form 2400A/B ALT - Reaffirmation Agreement (Cont.)                                              5

### YOUR RIGHT TO RESCIND (CANCEL) YOUR REAFFIRMATION AGREEMENT

You may rescind (cancel) your reaffirmation agreement any time before the bankruptcy court enters a discharge order, or before the expiration of the 60-day period that begins on the date your reaffirmation agreement is filed with the court, whichever occurs later. To rescind (cancel) your reaffirmation agreement, you must notify the creditor that your reaffirmation agreement is rescinded (or canceled).

**Frequently Asked Questions:**

<u>What are your obligations if you reaffirm the debt?</u> A reaffirmed debt remains your personal legal obligation. It is not discharged in your bankruptcy case. That means if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages. Otherwise, your obligations will be determined by the reaffirmation which may have changed the terms of the original agreement. For example, if you are reaffirming an open end credit agreement, the creditor may be permitted by that agreement or applicable law to change the terms of that agreement in the future under certain conditions.

<u>Are you required to enter into a reaffirmation agreement by any law?</u> No you are not required to reaffirm a debt by any law. Only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments you agree to make.

<u>What if your creditor has a security interest or lien?</u> Your bankruptcy discharge does not eliminate any lien on your property. A "lien" is often referred to as a security interest, deed of trust, mortgage or security deed. Even if you do not do not reaffirm and your personal liability on the debtor is discharged, because of the lien your creditor may still have the right to take the property securing the lien if you do not pay the debt or default on it. If the lien is on an item of personal property that is exempt under your State's law or that the trustee has abandoned, you may be able to redeem the item rather than reaffirm the debt. To redeem, you must make a single payment to the creditor equal to the amount of the allowed secured claim, as agreed by the parties or determined by the court.

NOTE: When this disclosure refers to what a creditor " may" do it does not use the word "may".
To give the creditor specific permissions. The word "may" is used to tell you what might occur if the law permits the creditor to take the action. If you have questions about reaffirming a debt or what the law requires, consult with the attorney who helped you negotiate this agreement reaffirming a debt. If you don't have an attorney helping you, the judge will explain the effect of your reaffirming a debt when the hearing on the reaffirmation agreement is held.

**Form 2400A/B ALT - Reaffirmation Agreement (Cont.)**                                                          6

### PART B: REAFFIRMATION AGREEMENT.

I (we) agree to reaffirm the debts arising under the credit agreement described below.

1. Brief description of credit agreement:   LEASE ASSUMPTION

2. Description of any changes to the credit agreement made as part of this reaffirmation agreement:

SIGNATURE(S)
Borrower

Judith E. Ball

/s/ Judith E. Ball

Date: 10/13/16

Accepted by Creditor

MMCA LEASE LTD
PO BOX 9940
MOBILE, AL 36691-0940

/S/
Scott D. Fink ,
Agent for Creditor,  MMCA LEASE LTD
Weltman, Weinberg & Reis Co., LPA
323 W. Lakeside Avenue
Cleveland, OH 44113

Date:   11/17/16

Co-Borrower, if also reaffirming these debts

Date: _____

Form 2400A/B ALT – Reaffirmation Agreement (Cont.)                                                                7

### PART C: CERTIFICATION BY DEBTOR'S ATTORNEY (IF ANY).

*[To be filed only if the attorney represented the debtor during the course of negotiating this agreement.]*

I hereby certify that (1) this agreement represents a fully informed and voluntary agreement by the debtor; (2) this agreement does not impose an undue hardship on the debtor or any dependent of the debtor; and (3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement.

☐ [Check box, if applicable and the creditor is not a Credit Union.] A presumption of undue hardship has been established with respect to this agreement. In my opinion, however, the debtor is able to make the required payment.

Printed Name of Debtor's Attorney: John W. Sywilok

Signature of Debtor's Attorney: *[signed] John W. Sywilok*

Date: 10/28/16

Form 2400A/B ALT – Reaffirmation Agreement (Cont.)                                                                                   8

## PART D: DEBTOR'S STATEMENT IN SUPPORT OF REAFFIRMATION AGREEMENT

[Read and complete sections 1 and 2, OR, if the creditor is a Credit Union and the debtor is represented by an attorney, read section 3. Sign the appropriate signature line(s) and date your signature. If you complete sections 1 and 2 and your income less monthly expenses does not leave enough to make the payments under this reaffirmation agreement, check the box at the top of page 1 indicating "Presumption of Undue Hardship." Otherwise, check the box at the top of page 1 indicating "No Presumption of Undue Hardship"]

1. I believe this reaffirmation agreement will not impose an undue hardship on my dependents or me. I can afford to make the payments on the reaffirmed debt because my monthly income (take home pay plus any other income received) is $ 2279.0 and my actual current monthly expenses including monthly payments on post-bankruptcy debt and other reaffirmation agreements total $ 1417.0 leaving $ 862.0 to make the required payments on this reaffirmed debt.

I understand that if my income less my monthly expenses does not leave enough to make the payments, this reaffirmation agreement is presumed to be an undue hardship on me and must be reviewed by the court. However, this presumption may be overcome if I explain to the satisfaction of the court how I can afford to make the payments here: _____

_____

**(Use an additional page if needed for a full explanation.)**

2. I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed reaffirmation agreement.

_____
Judith E. Ball

_____

Date: 10/13/16

— *Or* —

*[If the creditor is a Credit Union and the debtor is represented by an attorney]*

3. I believe this reaffirmation agreement is in my financial interest. I can afford to make the payments on the reaffirmed debt. I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed reaffirmation agreement

_____
Judith E. Ball

_____

Date: _____

WWR No. 21288726

UNITED STATES BANKRUPTCY COURT
District of New Jersey at (Newark)

In re:
Judith E. Ball

Debtor(s)

Case No. 16-27445
Chapter 7
Judge: Rosemary Gambardella

LEASE ASSUMPTION AGREEMENT
WITH MMCA LEASE LTD

Debtors agree to assume the Lease Agreement described below with lessor, MMCA LEASE LTD, pursuant to 11 U.S.C. §365(p).
Debtor further agrees as follows:
1. To make the monthly payments as required under the Lease;
2. Any arrears on this obligation shall be paid in full *immediately*.
3. The Lease is hereby incorporated by reference; and
4. To be bound by all the terms and conditions of the Lease including, but not limited to, any and all liability for excess mileage, excess wear and use, and any other amounts required by the Lease Agreement.

---

Description of Lease

Lease Date: April 30, 2014;   Vehicle Description: 2014 MITSUBISHI OUTLANDER  Vin 4A4AP3AU6EE014457

Account No.: 4227

---

Accepted by:

/s/ Scott D. Fink
Scott D. Fink,
Agent for Creditor, MMCA LEASE LTD
Weltman, Weinberg & Reis Co., LPA
323 W. Lakeside Avenue, Ste 200
Cleveland, OH 44113
DATE: 11/17/16

Signed by: Judith E. Ball
Judith E. Ball

DATE: 10/3/16

WWR No. 21288726

UNITED STATES BANKRUPTCY COURT
District of New Jersey at (Newark)

In re:
Judith E. Ball

Debtor(s)

Case No. 16-27445
Chapter 7
Judge: Rosemary Gambardella

STIPULATION FOR ASSUMPTION OF THE LEASE AGREEMENT BETWEEN DEBTOR AND MMCA LEASE LTD

Judith E. Ball, Debtor(s) and, Lessor, MMCA LEASE LTD by and through their

undersigned counsel, hereby stipulate that the agreement for the leased 2014 MITSUBISHI OUTLANDER Vin 4A4AP3AU6EE014457 is assumed, that the

Debtor will comply with the terms and conditions of said lease, and that the Debtor waives the affect, if any, the

discharge under 11 U.S.C. §524(a) has as to the assumed lease agreement

STIPULATED TO:

/s/ Scott D. Fink
Scott D. Fink,
Agent for Creditor, MMCA LEASE LTD
Weltman, Weinberg & Reis Co., LPA
323 W. Lakeside Avenue, Ste 200
Cleveland, OH 44113

John W. Sywilok
Attorney for Debtor

Account No. 4227